IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NEIL FULLMER, an incapacitated )
person by and through his )
conservator, DOUGLAS FELLOWS; )
                                    )
              Plaintiff, )   Case No.  6:11-cv-06143-TC
                                    )
                    v. )   FINDINGS AND RECOMMENDATION
                                    )
SAMARITAN HEALTH SERVICES, INC., )
dba SAMARITAN COASTAL CLINIC, an )
Oregon corporation; SAMARITAN )
NORTH LINCOLN HOSPITAL, an Oregon )
corporation; and ROBERT OKSENHOLT, )
D.O., an individual; )
                                    )
            Defendants. )
                                    )

## Introduction

Plaintiff (appearing through a conservator), brings this action against his health care providers, alleging that their negligence caused him to suffer a stroke which caused permanent mental and physical impairment. [#1]. Defendants move for summary judgment contending that plaintiff's claims are time-barred.

Findings & Recommendation - page 1

[#40]. In response, plaintiff asserts *inter alia,* that his mental incapacity tolls the Oregon statute of limitations under ORS 12.160.

## Background

Plaintiff suffered a stroke on July 9, 2006, that left him with "global aphasia.[1]" He, together with his wife, filed a medical negligence case in the Circuit Court for the County of Multnomah in December 2007. In that matter, plaintiff and his wife were represented by an attorney who, in the course of representing them, was determined by the court to have committed perjury and had penalties and costs, in addition to sanctions for discovery abuses, imposed. The court ultimately dismissed the case with prejudice because of their attorney's misrepresentations to the court.

On December 13, 2011, this court granted in part and denied in part defendants previous motion to limit discovery. [#27]. The court allowed Dr. Oskenholt's deposition, ordered plaintiff to give defendant access to plaintiff's medical records, allowed depositions of plaintiff's medical providers and ordered plaintiff's attorney to request and submit plaintiff's previous

---

[1]   As a result plaintiff has right sided weakness sufficient that he is unable to write; he cannot communicate verbally or read and can follow some but not all commands; e.g., he correctly named 3/9 objects, is unable to identify the month and cannot verbally or in writing express himself according to his treating neurologist.

Findings & Recommendation - page 2

attorney's file[2] for in camera review by the court.  *Id.*

## DISCUSSION

1. Standard:

Fed.R.Civ.P. 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law.  The moving party must show the absence of genuine issues of material fact.  *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002).  An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986).

The Court must draw all reasonable inferences in the favor of the nonmoving party.  *Id.*  The inferences necessary to support a plaintiff's verdict must have a sufficient evidentiary basis.  *Bieghler v. Kleppe*, 633 F2d 531, 532 (9th Cir. 1980).  The evidence is insufficient if the strongest inference to be drawn in the plaintiff's favor is that defendant's negligence could possibly have been the cause of the injury.  *Neely v. St. Paul Fire & Marine Ins. Co.*, 584 F2d 341, 346 (9th Cir. 1978).

However, if the plaintiff's evidence offered in opposition to the motion supports the inference that defendant's negligence was more probably than not the proximate cause of the injury, it is

---

[2] To date plaintiff has not submitted his previous attorney's file for the court's review..

Findings & Recommendation - page 3

sufficient to defeat summary judgment even if it is not highly convincing or persuasive. *Scharf v. United States Attorney General*, 597 F.2d 1240, 1243 (9th Cir. 1979). In that instance, the parties are entitled to have the trier of fact judge the parties' credibility and persuasiveness. *Id.*

2. <u>Factual Background:</u>

The following facts gleaned from the parties' briefing, are viewed in the light most favorable to plaintiff, the non-moving party.

Plaintiff suffered a stroke on July 9, 2006. [#43-p.3]. Before his stroke, plaintiff was engaged in gainful employment, able to communicate and fully able to perform all his routine daily activities despite his heart conditions which included, heart attacks in 2003 and 2005 with subsequent stent placement, angina in early 2006, quadruple by-pass surgery performed in March, 2006, and subsequent heart failure. [#41-p.4].

Plaintiff lived in Idaho at the time of his stroke, was initially seen at Mercy Medical Center and then transferred to St. Alphonsus Hospital in Boise, Idaho, where he was treated by Dr. Martha Cline, a neurologist. *Id.* On examination Dr Cline noted that plaintiff was unable to speak intelligibly, had lost half his visual field , could not follow commands to move his head or protrude his tongue, and had right sided paralysis. [#43-p.6].

Dr. Cline and Dr. Crossen[3] both opine that, at no time subsequent to his stroke, has plaintiff been able to adequately understand, communicate or plan at a level sufficient to manage his own affairs. [#45-Ex.6 and Ex.7].

In December 2007, plaintiff and his wife filed a complaint in the Circuit Court for the County of Multnomah, alleging medical malpractice against Dr Jonathan Hill, Dana Gray, The Oregon Clinic, P.C., Northwest Surgical Associates, Inc., and Does 1-20. [#42-Ex.1]. In that action, the plaintiffs alleged *inter alia* that the prescription of a certain heart medication resulted in Mr. Fullmer's congestive heart failure, permanent heart damage, decreased heart function and a "massive stroke" on July 9, 2006. [#42-Ex.1-pp.6-10].

The Multnomah County matter was litigated through the date of trial at which time, plaintiffs' attorney advised the court that "they were not prepared to proceed and were unable to produce evidence at trial on any issue necessary to meet their burden of proof." [#42-Ex.3]. Defendants then moved for an order dismissing the matter with prejudice which was granted on March 13, 2009. *Id.*

On April 21, 2011, upon plaintiff's motion, the Circuit Court for the County of Lane appointed Doug Fellows conservator for

---

[3] Dr. Crossen is a clinical psychologist who reviewed plaintiff's medical records for the purpose of expressing an expert opinion. [#44]

Findings & Recommendation - page 5

plaintiff. [45-Exs. 3-4]. This action was subsequently filed by the conservator, on April 25, 2011. [#1].

3. **Defendants' Motion for Summary Judgment:**

Defendants move for summary judgment arguing that plaintiff's claim is time-barred because it is filed outside the two year statute of limitations. [#41; #49]. Defendants contend that plaintiff's argument (that the statute of limitations must be tolled because of his disability), is negated by the fact that despite plaintiff's disability, he (and his wife) were sufficiently cognizant of his injury to file a medical malpractice complaint in Oregon state court in 2007. *Id.*

Plaintiff responds that the "devastating neurologic injury" he suffered in 2006, immediately and permanently incapacitated him and therefore the state court action[4] was commenced without plaintiff's approval or knowledge. [#43-pp.10-18]. Plaintiff also asserts that his action is timely because Oregon law tolls the time for commencing a medical negligence action if the person entitled to bring the action is insane at the time the action accrues. [#43-pp.18-25].

///

///

---

[4] Plaintiff also argues that because the state court action proceeded under a different theory of causation against different defendants, it is a legally distinct claim.

Findings & Recommendation - page 6

Under Oregon law, tolling for persons who are insane is governed by ORS 12.160(3) and (4). The statute provides: "if... at the time the cause of action accrues the person is insane, the statute of limitation for commencing the action is tolled for so long as the person is insane" but "[t]he time for commencing an action may not be extended ... for more than five years . . . ." ORS 12.160. Although the term "insane" is not defined in the statute, it has been defined for the purposes of Oregon statutes of limitations, as meaning a condition of mental derangement which bars the sufferer from comprehending rights which he is otherwise bound to know. *Hoffman v. Keller*, 193 F.SUPP. 733, 735 (D.Or.1961); see also. *Roberts v. Drew*, 105 Or.App. 251, 254 (1991)(adopting the definition of insanity in *Hoffman*).

It is undisputed that plaintiff's stroke occurred on July 9, 2006, and that this case was filed less than five years later, on April 25, 2011. Nor is it disputed that since the time of his disabling stroke, plaintiff has neither known nor reasonably could have known of: (1) the nature of his injury, (2) who caused his injury or (3) whether his injury was caused through negligence. *Gaston v. Parsons,* 318 Or. 247, 252 (1994)("discovery of 'injury' is comprised of different components, some of which are harm, identity of the tortfeasor, and causation").

///

Findings & Recommendation - page 7

Defendants do not argue that prior to having a conservator, plaintiff had the capacity to discover his injury rather, they contend exhaustively and without medical support, that plaintiff "pursued his prior case individually" and this case is thus untimely filed. [#41; #49]. Plaintiff on the other hand, has presented two medical experts who testify that plaintiff is permanently disabled and unable to "adequately understand, communicate or plan to a level sufficient for managing his own affairs." [#45-Exs.6 and 7].

Oregon courts have held that the "statutory requirement of discovery, either actual or imputed, of tortious conduct is a factual question that depends on the nature of the harm suffered, the nature of the medical procedure, and all other relevant circumstances." *Green v. Legacy Emanuel Hosp. and Helath Care Ctr,* 335 Or. 115, 124 (2002). It is well established that disputed questions of fact preclude summary judgment. *Bahn v. NME Hosp's, Inc.,* 929 F.2d 1404, 1409 (9th Cir.1991)(a party is entitled to summary judgment only if the record shows there is no genuine issue as to any material fact).

Oregon courts have held that the right to sue remains in the protected person after the appointment of the guardian or conservator. *Luchini by and through Luchini v. Harsany,* 98 Or.App. 217, 220-221 (1989)("[t]he tolling statute's plain language indicates that the right it confers on the 'person entitled to

bring an action' is not diminished by the appointment of a guardian.").

I find that plaintiff is a person protected by ORS 12.160, and has the same right as a nondisabled person, to file an action within the applicable statutory limitation period. In plaintiff's case, due to his disability, that period is five years (so long as his disability continues). When as here, the right to sue remains in a disabled person, the appointment of a conservator does not remove the statutory extension of the statute of limitations for incompetent/insane individuals. *Luchini,* 98 Or.App. At 233.

Summary judgment based on plaintiff's allegedly untimely filing of this action is therefore inappropriate.

## Recommendation

I recommend that the court deny defendants' Motion for Summary Judgment (#40).

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than fourteen days after the date this order is filed. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst,* 951 F.2d 1153 (9th Cir. 1991).

If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, any party may file a response within fourteen

days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

IT IS SO ORDERED

DATED this ___10<sup>t</sup>___ day of December, 2012.

_____
UNITED STATES MAGISTRATE JUDGE